# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRANDON COLE, | ) |
|     Movant, | ) ) |
| v. | ) No. 2:12-cv-02382-JPM-dkv ) Cr. No. 2:08-cr-20425-JPM-1 |
| UNITED STATES OF AMERICA, | ) ) |
|     Respondent. | ) |

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255; ORDER DENYING CERTIFICATE OF APPEALABILITY; AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On May 18, 2012, Defendant Brandon Cole, Bureau of Prisons registration number 22823-076, an inmate at FCI – Talladega in Talladega, Alabama, filed a Motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF No. 1.) On October 2, 2012, Cole filed a supplement to his § 2255 Motion ("§ 2255 Supplement").[1] (ECF No. 2.) On December 19, 2012, the Court directed the United States to file a response. (ECF No. 3.) The United States filed a response on January 11, 2013. (ECF No. 4.) On motion from Movant, the Court gave leave to the Movant to file a reply by May 13, 2015. (ECF No. 12.) Movant has not filed a reply.

For the reasons stated below, the § 2255 Motion is DENIED, and a certificate of appealability is DENIED. The Court also

---

[1] The Court granted Movant leave to file the § 2255 Supplement on December 19, 2012. (ECF No. 3.)

finds that an appeal would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

## I. BACKGROUND

The Sixth Circuit provided a concise statement of the facts supporting Cole's conviction in its opinion on direct appeal:

> On November 19, 2008 officers of the Memphis Police Department ("MPD") arrested Cole for burglary after he ran away from them in an area surrounding a burglarized home. The officers found items stolen in the burglary on Cole's person. Though Cole was handcuffed and placed in the rear of a marked police car, he managed to wriggle out of the restraints and drive off with the car. Cole eventually parked the car at a friend's house and then took the items stolen from the house, along with guns and ammunition belonging to the MPD, from the squad car and hid them behind the house before stealing a red Camry from a nearby carport. Officers spotted Cole in the Camry as he was driving and began pursuing him. Later, Cole reached a dead end, stopped the Camry and put it in reverse, almost hitting one of the detectives and striking a police vehicle in which another detective was sitting.
>
> A hundred-mile per-hour chase ensued. The officers followed Cole through residential neighborhoods and were forced to ignore many traffic signals in pursuit. Ultimately, Cole came to a stop and attempted to flee on foot. The officers caught up with him as he was climbing a fence. A detective launched himself at Cole, causing Cole and the detective to fall off the fence together. Cole landed on the detective and began punching him, continuing to struggle until another detective was able to handcuff Cole's wrists and ankles. During the struggle the detectives asked Cole where the weapons taken from the patrol vehicle were located and he responded with the location.

United States v. Cole, 422 F. App'x 471, 472 (6th Cir. 2011).

On December 17, 2008, a federal grand jury indicted Cole in a one-count Indictment charging him with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (Count One). (United States v. Cole, No. 2:08-cr-20425-JPM-1 (W.D. Tenn.), ECF Nos. 1-3.) On July 22, 2009, Cole pled guilty to the Indictment pursuant to a written plea agreement. (Id., ECF Nos. 26, 28, 29.) The plea agreement provided:

**PLEA AGREEMENT**

**The full and complete plea is as follows:**

>BRANDON COLE agrees that he will enter a voluntary plea of guilty to count one (1) of the indictment.
>
>The United States agrees to recommend that BRANDON COLE be sentenced at the low end of the applicable sentencing guideline range. The defendant understands that any recommendations made by the United States are not binding on the court and should the court not accept the recommendation or request the defendant nevertheless [sic] has no right to withdraw the plea.
>
>Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the defendant receiving the full three [sic] (3) points for acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation of any additional criminal activities between now and the time of sentencing, this position could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined

3

by the district court. Failure of the district court to grant acceptance of responsibility credit is not a basis for BRANDON COLE to withdraw his guilty plea.

    BRANDON COLE agrees that for the calculation of his advisory guideline range a total of six (6) points are applicable in his case pursuant to U.S.S.G. § 2K2.1(b)(4)(A) and 2K2.1(b)(6) [sic]

    BRANDON COLE agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, BRANDON COLE acknowledges that he has read this agreement, has discussed it with his attorney, is satisfied with his attorney's counsel and representation, and understands the agreement.

(Id., ECF No. 29 at PageID 33–35.)

A presentence report ("PSR") was prepared recommending a total offense level of thirty-three pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2) (because the firearm was possessed subsequent to at least two prior felony crimes of violence), § 2K2.1(b)(4)(a) (increasing two levels because the firearm was stolen), pursuant to § 2K2.1(b)(6) (increasing four levels because the firearm was possessed in connection with another felony offense), § 3A1.2(c)(1) (increasing six levels because of the risk of serious bodily injury to law enforcement officers during flight), and § 3E1.1 (decreasing three points for acceptance of responsibility). (PSR at 6.)

On October 23, 2009, Defense counsel filed his Position with Respect to Sentencing Factors. (United States v. Cole, No.

2:08-cr-20425-JPM-1 (W.D. Tenn.), ECF No. 31.) Defense counsel agreed that "the Probation Officer accurately calculated the applicable guidelines in this case." (Id. at 2.)

On October 26, 2009, the Court held Cole's sentencing hearing. Cole's counsel explained that the discussion in his Position filing with respect to § 2K2.1(b)(6) was not an objection to the enhancement. (Id., ECF No. 41 at PageID 123.) According to Cole's counsel:

> It is just in a discussion of Section 3553(a) factors, I point out that his actual possession was very short of the firearm and that it didn't actually have any real participation in the high speed chase. But the moment he took it out of that squad car, he certainly engaged in a burglary of a vehicle, and that would require the four-level enhancement, so we don't object to it as a proper guideline calculation, we just point out some factors and some of the realities of what that possession was in our discussion of the 3553(a) factors, and that goes more into whether any type of a variance down from the guideline range would be appropriate as well.

(Id.) When the Court reconvened to complete the sentencing hearing on October 28, 2009, the Court determined, after careful consideration, that the enhancement under § 2K2.1(b)(6) was appropriate. (Id., ECF No 42 at PageID 137-39.)

At the October 28, 2009, hearing, Cole's counsel argued that the appropriate sentence was a below guidelines sentence of 180 months. (Id. at PageID 144-48.) The Government argued that the appropriate sentence was 235 months -- a sentence at the

5

bottom of the recommended Guideline range. (Id. at PageID 148–54.)

In light of the recommended Guideline range and the factors articulated in 18 U.S.C. § 3553(a), the Court sentenced Brandon Cole to a term of imprisonment of 235 months, three years of supervised release, and a special assessment of $100. (Id. at PageID 177–78.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). A defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

"If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of Strickland v. Washington, 466 U.S. 668 . . . (1984)." Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [Strickland, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687.

Harrington v. Richter, 562 U.S. 86, 104 (2011). To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [Strickland, 466 U.S.] at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair

---

[2]"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id.

7

> trial, a trial whose result is reliable." Id., at 687.

Richter, 562 U.S. at 104.

## III. **ANALYSIS**

Cole argues that his attorney was ineffective for four reasons: (1) "Mr. Perry refuse[d] to contest the ACCA enhancement" (§ 2255 Motion at PageID 4); (2) "Mr. Perry failed to submit 2nd addendum of PSI that affected PSI Criminal History Points by 3 points[,] which affect[ed] [Cole's] sentence by 30 to 57 months (id. at PageID 6); (3) "Mr. Perry [was] ineffective for advising defendant to sign plea without verification of Case law to support enhancement 2K2.1(b)(6)" (id. at PageID 8); and (4) "Mr. Perry failed to have defendant['s] mental health record [and] history submit[ted] [and] researched" (id. at PageID 9).

### A. Failure to Contest the ACCA Enhancement

Movant argues that his counsel was constitutionally ineffective for failing to object to Cole's classification as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (§ 2255 Motion at PageID 4.) According to Cole, his offenses would not have qualified as ACCA predicate offenses under the modified categorical approach, and he was therefore prejudiced by his counsel's failure to object. (Id.; see also § 2255 Supplement, ECF No. 2.)

Respondent argues in response that Cole cannot show prejudice on this claim. (Response to § 2255 Motion at 11–12.)

8

According to Respondent, Cole's sentence was not influenced by his status under the ACCA because his Guidelines range was higher under U.S.S.G. § 2K2.1. (Id.)

The Court agrees with Respondent. Even though Cole's Presentence Investigation Report ("PSR") found that Cole was an Armed Career Criminal within the meaning of the ACCA and U.S.S.G. § 4B1.4, this finding did not affect Cole's Guideline range. Under U.S.S.G. § 4B1.4(b) (2007), the offense level for an Armed Career Criminal **is the greatest of**:

>    (1) the offense level applicable from Chapters Two and Three; or
>
>    (2) the offense level from §4B1.1 (Career Offender) if applicable; or
>
>    (3) (A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in §4B1.2(a), or a controlled substance offense, as defined in §4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or
>
>    (B) 33, otherwise.*[3]

According to Cole's PSR, after adjustment for acceptance of responsibility on motion from the Government, Cole's offense level was 33. (PSR at 6.) Under § 4B1.4(b)(3)(B) after adjustment, Cole's offense level was 30. Consequently, the applicable offense level under § 4B1.4(b) was 33 – 3 points

---

[3] Asterisks indicate that the offense level can be modified downward for acceptance of responsibility.

9

higher than the level that Cole would have received as an Armed Career Criminal.

Even if Cole's attorney were to have successfully contested Cole's classification under the ACCA, it would not have affected the applicable Guidelines range. Because the Court found that a within-Guidelines sentence was appropriate (United States v. Cole, No. 2:08-cr-20425-JPM (W.D. Tenn.), ECF No. 42 at PageID 174) -- and because that determination was not dependent on Cole's classification under the ACCA -- Cole has failed to demonstrate any prejudice from his counsel's failure to object to his classification under the ACCA. Accordingly, this claim is without merit.[4]  See Strickland, 466 U.S. at 697 (holding that prejudice is a necessary condition to establish ineffective assistance of counsel).

### B. Failure to Allow Cole to Review Second Addendum of PSR

According to Cole, the Second Addendum to the PSR calculated Cole's "criminal offense level to 30 [with] a sentencing range of 168-210 [months]." (§ 2255 Motion at PageID 6.) Cole states that he "was never given the opportunity to see the[] added addendum before sentence[ing]." (Id.) Cole argues

---

[4] In his related case, Cole filed a Motion to Postpone pending the Supreme Court's decision in United States v. Johnson, 134 S. Ct. 1871 (2014) (granting certiorari). (United States v. Cole, No. 2:08-cr-20425-JPM (W.D. Tenn.), ECF No. 51.) In its recent ruling, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson v. United States, No. 13-7120, 2015 WL 2473450, at *11 (U.S. June 26, 2015). Because Cole's sentence was not affected by the ACCA, the Court finds that the Supreme Court's decision in Johnson has no impact on this case.

10

that his counsel's failure to show him the Second Addendum prevented Cole from objecting to the Court's calculation of Cole's applicable offense level and Guidelines range. (Id.)

Movant incorrectly characterizes the Second Addendum to the PSR. The Second Addendum calculated that a criminal offense level of 30 and a sentencing range of 180 to 210 months would apply if the Court found that the four level enhancement under § 2K2.1(b)(6) did not apply. (2d Addendum to PSR at 3–4.) The Court found, however, that the enhancement under § 2K2.1(b)(6) was appropriate. Cole also agreed to the enhancement as part of his plea agreement. (United States v. Cole, No. 2:08-cr-20425-JPM (W.D. Tenn.), ECF No. 29 at PageID 34.) Because the calculations in the Second Addendum were irrelevant to the determination of Cole's applicable Guidelines range, no prejudice resulted from his not having seen the Second Addendum. Accordingly, the Court finds that this claim is without merit. See Strickland, 466 U.S. at 697.

### C. Ineffective Assistance Due to Advising Cole to Sign Agreement Including Concession to Enhancement under § 2K2.1(b)(6) and Failing to Object to Enhancement

Cole argues that his counsel provided constitutionally ineffective assistance by advising Cole to sign a plea deal that acknowledged an enhancement under § 2K2.1(b)(6) was appropriate. (§ 2255 Motion at PageID 8.) Cole also avers that his attorney

provided ineffective assistance by failing to object to the enhancement. (Id.)

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Ineffective assistance of counsel based on incompetent advice to take a plea deal only amounts to constitutional error, however, when prejudice is established. Id. at 57-60. Such a showing requires an allegation that in the absence of counsel's alleged incompetence, the defendant "would have pleaded not guilty and insisted on going to trial." Id. at 60.

Cole did not allege that but for counsel's alleged incompetence, he would have pleaded not guilty and insisted on going to trial. Additionally, in light of the existence of the concession to the enhancement in the plea deal and the Court's determination that the enhancement did apply to Cole, Cole can show no prejudice in his counsel's failure to object to the enhancement under § 2K2.1(b)(6). The Court, therefore, finds that this claim is without merit.

**D. Failure to Instruct Probation Officer Compiling PSR to Investigate Cole's Mental Health with Respect to Diagnoses of ADD and ADHD**

Cole argues that his counsel was constitutionally ineffective because he "failed to [i]nstruct Mr. Marlin to research Mr. Cole['s] claim of ADD & ADHD." (§ 2255 Motion at PageID 9.) Cole cannot demonstrate prejudice from this alleged failure. At the time of sentencing, the Court was aware of Cole's mental health issues, and in fact stated:

> I'm also aware that you were diagnosed with ADD. . . . I'm aware that there [are] some issues there, and that's true of just about everybody. So we don't give that weight in terms of the calculation, but, again, we try to deal with it in terms of things that we might do to help out because if we can help, we want to help, and that is something we need to know about.

(United States v. Cole, No. 2:08-cr-20425-JPM (W.D. Tenn.), ECF No. 42 at PageID 167-68.) The PSR also stated that Cole had been diagnosed with ADD at a young age. (PSR at 23.) Because the Court was aware of Cole's diagnosis, further instruction by Cole's counsel to the probation officer would not have had any effect on Cole's sentence. Consequently, Cole has not demonstrated prejudice on this claim as required by Strickland. Cole's claim, accordingly, is without merit.

**IV. CONCLUSION**

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Defendant's conviction and sentence are

13

valid and, therefore, his Motion to Vacate (ECF No. 1) is DENIED. Judgment shall be entered for the United States.

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see also</u> Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citation omitted) (internal quotation marks omitted). A COA does not require a showing that the appeal will succeed. <u>Miller-El</u>, 537 U.S. at 337. Courts should not issue a COA as a matter of course. <u>Bradley v. Birkett</u>, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, Defendant's claims lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a), however, also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is, therefore,

15

CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (see 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days (see Fed. R. App. P. 24(a)(4)-(5)).

**IT IS SO ORDERED,** this 13th day of July, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE